UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUC TERMITUS,

    Petitioner,

v.                                                        CASE NO. 6:13-cv-495-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). This cause is before the Court on remand from the Eleventh Circuit Court of Appeal's opinion affirming in part and reversing in part the Court's December 3, 2014 Order. (Doc. 22). Respondents filed a supplemental response in compliance with the Court's instructions. (Doc. 25). Although Petitioner was given an opportunity to file a reply, he did not do so.

Petitioner alleges appellate counsel was ineffective for failing to argue that his attempted robbery convictions violate the Double Jeopardy Clause. For the following reasons, the Court concludes that Petitioner is entitled to relief on his claim.

### I.    Procedural History

Petitioner was charged by Indictment with one count of first degree murder with a firearm (count one), two counts of attempted robbery with a firearm (counts two and three), one count of fleeing and attempting to elude with wanton disregard for safety

(count four), and one count of grand theft of a motor vehicle (count five) (Doc. 9 at 32-34). Petitioner initially was found incompetent to proceed to trial and was committed to the Department of Children and Families (Doc. 9-4 at 17, 19-20). In 2008, the trial court determined Petitioner was competent to stand trial. *Id.* at 54. After a jury trial, Petitioner was convicted as charged (Doc. 9-5 at 51-55). The jury made a special finding that Petitioner actually possessed and discharged a firearm, which resulted in the death of the victim. *Id.* at 56-58. The trial court sentenced Petitioner to three terms of life imprisonment with a three-year minimum mandatory term for counts one, two, and three, to a fifteen-year term of imprisonment for count four, and to a five-year term of imprisonment for count five. *Id.* at 78-83. Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* (Doc. 9-7 at 44).

Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure, and the trial court denied the motion. *Id.* at 49-59. Petitioner appealed, and the Fifth DCA reversed and remanded for resentencing on counts two and three. *Id.* at 128-31. Petitioner was resentenced to a twenty-year minimum mandatory sentence for count two and to a term of life imprisonment for count three (Doc. 9-8 at 172-76).

While his Rule 3.800 motion was pending, Petitioner also filed a Rule 3.850 motion for post-conviction relief (Doc. 9-7 at 37-51). The trial court summarily denied the motion. *Id.* at 162-70. Petitioner appealed, and the appellate court affirmed *per curiam* (Doc. 9-8 at 48). Petitioner subsequently filed a petition for writ of habeas corpus with the Fifth District

2

Court of Appeal alleging four claims of ineffective assistance of appellate counsel. *Id.* at 52-85. The Fifth DCA denied the petition without discussion. *Id.* at 161.

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of

>materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.   Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and

(2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

### III.   ANALYSIS

Petitioner alleges appellate counsel was ineffective for failing to argue that his attempted robbery convictions violate double jeopardy (Doc. 11 at 17-18). Petitioner raised this claim in his state habeas petition (Doc. 9-8 at 72-78). The Fifth DCA denied the petition without discussion. *Id.* at 161.

The Double Jeopardy Clause prohibits multiple punishments for the same offense. U.S. Const. amend. V; *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *Mars v. Mounts*, 895 F.2d 1348, 1353 (11th Cir. 1990). Florida law provides that "separate convictions for different offenses involving multiple victims who are killed or injured during the same episode do not violate double jeopardy." *Austin v. State*, 203 So. 3d 1017, 1017 (Fla. 2d DCA 2016) (quotation omitted). However, to convict a defendant of two attempted robberies, there must also be two separate takings. *See Brown v. State*, 1 So. 3d 1231, 1233 (Fla. 2d DCA 2009) (noting that a "single taking from one [cash] register supports only one [robbery] charge, and the presence of two employees does not transform one robbery into two") (citation omitted). A court must inquire as to "'whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.'" *Austin*, 203 So. 3d at 1018 (quoting *Brown v. State*, 430 So. 2d 446, 447 (Fla. 1983)).

To prove attempted robbery, the State had to present evidence that Petitioner took steps toward but failed to take money or other property from the person or custody of another, with the intent to permanently deprive the person or owner of the money or

property, and in the course of doing so, used force, violence, assault, or placed the victim in fear. § 812.13(1), (2)(a), Fla. Stat. (2004); § 777.04(1), Fla. Stat. (2004). Stacey Rossman, the surviving victim in this case, testified that as assistant manager of the bank, she had custody and control of the money stored in the Fairwinds Credit Union vault (Doc. 9-6 at 24, 42). Rossman also stated that Sue Ellen Gelsinger, the deceased victim and teller at the bank, had custody and control over the money contained in her teller vault. *Id.* at 42. Rossman testified that she entered the bank on the morning that the crimes were committed, checked that the bank was empty, and gave Gelsinger the "all-clear" to enter. *Id.* at 25-26. Rossman observed Petitioner walk up to the front door of the bank, point a gun at them, and force his way into the bank. *Id.* at 26-27. Petitioner stated, "Okay, b------, let's go to the vault." *Id.* at 27. Rossman testified that she and Gelsinger attempted to open the vault by inputting both of their codes. *Id.* at 28-29. Rossman and Gelsinger were unsuccessful in opening the vault, at which point Petitioner shot Gelsinger. *Id.* at 28-30.

Pursuant to the testimony presented at trial, Petitioner only committed one attempt to forcefully take money from the vault. *See Austin*, 203 So. 3d at 1018, *Brown*, 1 So. 3d at 1233. Therefore, Petitioner's two convictions for attempted robbery violate double jeopardy. Appellate counsel's failure to raise this claim on direct appeal resulted in prejudice because the claim would have been successful on appeal. *See Delgado v. State*, 174 So. 3d 1071, 1073 (Fla. 5th DCA 2015) (holding a claim of double jeopardy can be raised for the first time on appeal even if not properly preserved at trial and noting appellate counsel's failure to raise a double jeopardy claim may constitute ineffective

7

assistance of appellate counsel). Therefore, the state court's denial of this claim was contrary to federal law, and the petition is granted with regard to this claim. Petitioner is entitled to have one of his attempted robbery convictions vacated. *See Benjamin v. State*, 77 So. 3d 781, 784 (Fla. 4th DCA 2011) (stating that when "dual convictions of the same degree are found to violate double jeopardy, the proper remedy is to vacate the conviction and sentence on one of those counts.") (quotation omitted).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Luc Termitus (Doc. 1) is **GRANTED** as to Petitioner's claim that appellate counsel was ineffective for failing to argue that his attempted robbery convictions violate the Double Jeopardy Clause.

2. The writ of habeas corpus will be conditionally **GRANTED**, for the reasons discussed above, within **NINETY (90) DAYS** from the date of this Order, unless the state court vacates one of Petitioner's attempted robbery convictions in accordance with state law.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has failed to make such a showing. *See* Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts.* Accordingly, a Certificate of Appealability is **DENIED**.

4. The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 24th day of March, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 3/24
Luc Termitus
Counsel of Record